**McGIVNEY, KLUGER, CLARK & INTOCCIA, P.C.**
**Thomas B. McNulty (ID No. 025612002)**
18 Columbia Turnpike, Suite 300
Florham Park, NJ 07932
973-822-1110
Email: tmcnulty@mklaw.us.com
Attorneys for Defendant, H.M. Royal, Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT KLINGER and CONSTANCE KLINGER, his wife,<br><br>            Plaintiff,<br><br>   v.<br><br>H.M. ROYAL, INC.,<br><br>           Defendants. | Civil Action No.<br><br>**H.M. ROYAL, INC.'S**<br>**NOTICE OF REMOVAL**<br><br>Document Electronically Filed |

**TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT**
       **FOR THE DISTRICT OF NEW JERSEY**

PLEASE TAKE NOTICE THAT on this date, Defendant H.M. Royal, Inc., by their undersigned counsel, files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, in the Office of the Clerk of the United State District Court, District of New Jersey, for removal of the case captioned in the Superior Court of New Jersey, Middlesex County, (Law Division) as *Robert Klinger v. H.M. Royal, Inc., et al.,* bearing Docket No. MID-L-2341-22 (the "State Court Action") to the United States District Court for the District of New Jersey.

Removal of the State Court Action is based on this Court's diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441 and is proper for the following reasons:

**I.   H.M. Royal has Complied with Local Civil Rule 10.1(a).**

1.   Pursuant to Rule 10.1(a) of the Local Civil Rules, the addresses of the named parties are as follows:

- Upon information and belief, Plaintiff, Robert Klinger ("Plaintiff" or "Mr. Klinger"), resides at 9924 Old National Pike, Hagerstown, Maryland and is represented by the law firm of Simmons Hanly Conroy LLC, 112 Madison Avenue, New York, New York 10016-7416;

- Defendant H.M. Royal, Inc. is a New Jersey corporation and has its principal place of business at 689 Pennington Avenue, Trenton, New Jersey 08618.  H.M. Royal, Inc., is represented by the law firm of McGivney, Kluger, Clark and Intoccia, P.C., 18 Columbia Turnpike, Suite 300, Florham Park, NJ 07932.

- There are no co-defendants; and

## II.   H.M. Royal's Notice of Removal is Timely Filed.

1.      On May 16, 2022, Plaintiff Robert Klinger filed a Complaint in the Superior Court of New Jersey, Middlesex County.  See Plaintiff's Complaint attached hereto as Exhibit "A".

2.      Plaintiff's Complaint claims personal injuries as a result of H.M. Royal, Inc. allegedly having "mined, milled, manufactured, sold, supplied, purchased, marketed, installed, and/or removed asbestos, asbestos-containing, and asbestos-contaminated products to which Plaintiff Robert Klinger was exposed" and asserts claims for relief based on theories sounding in negligence, breach of warranty, failure to warn, strict liability, concert of action, and breach of duty of care.  See, Id.

3.      H.M. Royal was not properly served with a Summons and Plaintiff's Complaint and, therefore, is not barred from removal pursuant to the forum defendant rule, codified at 28 U.S.C. § 1441(b)(2).  True and complete copies of the Plaintiff's Complaint and the Summons received by H.M. Royal are attached hereto as Exhibit "B".  See 28 U.S.C. §§ 1446(a).  Plaintiff

has not yet filed a Proof of Service and/or an Affidavit of Service in the State Court Action relative to service made on H.M. Royal.

4.     H.M. Royal has timely filed this Notice of Removal because less than thirty days have passed since Plaintiffs filed their Complaint on May 16, 2022. 28 U.S.C. § 1446(b)

**III.     Diversity of Citizenship Exists Between the Plaintiff and Defendants.**

1.     Plaintiff is a citizen of the State of Maryland for diversity purposes as he resides at 9924 Old National Pike, Hagerstown, Maryland.  See Plaintiff's Complaint attached hereto as Exhibit "A".  Plaintiff is not a citizen of New Jersey.

2.     H.M. Royal, Inc. is a New Jersey corporation and has its principal place of business at 689 Pennington Avenue, Trenton, New Jersey 08618.  H.M. Royal is, therefore, a citizen of the State of New Jersey for diversity purposes. See 28 U.S.C. 1332(c)(1). H.M. Royal is not a citizen of Maryland.

3.     Based upon the foregoing, complete diversity exists under 28 U.S.C. § 1332.

**IV.     The Amount in Controversy Exceeds $75,000.**

1.     As noted above, in the Complaint, Plaintiff alleges that he developed mesothelioma caused by H.M. Royal, Inc. allegedly having "mined, milled, manufactured, sold, supplied, purchased, marketed, installed, and/or removed asbestos, asbestos-containing, and asbestos-contaminated products to which Plaintiff Robert Klinger was exposed".  See Exhibit A.

2.     Plaintiff further alleges that as "As a direct and proximate result thereof: Plaintiff Robert Klinger has been disabled and disfigured; Plaintiff Robert Klinger has in the past and will in the future be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; Plaintiff Robert Klinger has in the past and will in the future experience great

physical pain and mental anguish as a result of inhalation, ingestion, and absorption of said asbestos fibers." <u>See</u>, Plaintiff's Complaint, <u>Count One</u>, Paragraph 20, at Exhibit A.

3.       In the State Court Action, Plaintiff does not plead a specific monetary amount of claimed damages.  Rather, Plaintiff seeks "judgment against Defendant, jointly, severally, or in the alternative, for compensatory damages, punitive damages and costs of suit provided by law." <u>See</u> Plaintiff's Complaint at Exhibit A, Counts One through Six.

4.       H.M. Royal believes that Plaintiff has set forth a plausible allegation that the amount in controversy exceeds the jurisdictional threshold of $75,000.00, exclusive of interest and costs.  Plaintiff has alleged personal injuries, inclusive of mesothelioma, known to be a malignant and often fatal type of cancer, together with consequent disability, loss of enjoyment of life, pain and suffering, emotional distress, medical bills, miscellaneous costs and expenses, lost wages and restriction and/or prevention in the pursuit of Plaintiff's usual activities, occupations, and employments. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." <u>Dart Cherokee Basin Operating Co., LLC v. Owens</u>, 574 U.S. 81 (2014).

5.       If a Complaint is open-ended and does not allege a specific amount, the Court is to perform an independent appraisal of the value of the claim by looking at the petition for removal and any other relevant evidence. <u>Penn v. Wal-Mart Stores, Inc.</u>, 116 <u>F.Supp.2d</u> 557, 561 (D.N.J. 2000).

6.       Although the party seeking removal must prove by a "preponderance of the evidence" that the amount in controversy exceeds $75,000, "that burden is not especially onerous." <u>Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.</u>, 835 <u>F.3d</u> 388, 395 (3d Cir. 2016). This is because "the amount in controversy is not measured by the low end of an open-ended claim, but rather by

a reasonable reading of the value of the rights being litigated." Id. (*quoting* Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993)).

7.      Under any reasonable amount-in-controversy calculation, when considering Plaintiff's alleged injuries and the scope of damages associated with those injuries, H.M. Royal has "shown more than the statutory minimum is reasonably at issue in this case." Stockton v. TD Bank Group, 2013 U.S. Dist. LEXIS 138534 at *6 (D.N.J. 2013) (denying remand motion and finding amount in controversy satisfied when plaintiff asserted NJLAD claims and sought both punitive damages and attorney's fees); Goralski v. Shared Techs., Inc., 2009 U.S. Dist. LEXIS 69042 at *16 (D.N.J. 2009) (same).

## V.      Venue is Appropriate in this Court.

1.      The State Court Action is currently pending in the Superior Court of New Jersey, Middlesex County, which is located within the United States District Court for the District of New Jersey, Newark Division.

2.      Thus, venue is proper in this Court because it is the "district and division embracing the place where such [State Court] [A]ction is pending." See 28 U.S.C. § 1441(a).

## VI.      Consent to Removal of this Action.

1.      H.M. Royal is the only named defendant in this matter.

2.      Defendant H.M. Royal, through its undersigned counsel, is filing this Notice of Removal.

## VII.      H.M. Royal Has Provided Appropriate Notice of Removal.

1.      Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal is being submitted for filing with the Clerk of the Superior Court of New Jersey, Middlesex

County, and is being served upon all counsel of record, including counsel for Plaintiff, Robert Klinger.

2.      By filing this Notice of Removal, H.M. Royal does not waive any defects in service of process, venue, or personal jurisdiction, nor does it waive any other defenses available to it under applicable state law and/or the Federal Rules of Civil Procedure.

**WHEREFORE**, for the foregoing reasons, H.M. Royal, Inc. respectfully gives notice that the State Court Action pending in the Superior Court of Middlesex County, New Jersey is removed to this Court.

Respectfully submitted,

By:     *s/ Thomas B. McNulty*
        Thomas B. McNulty (ID No. 025612002)
        Email: tmcnulty@mklaw.us.com

Dated:  May 27, 2022

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th Day of May, 2022, the above and foregoing document, together with a Civil Cover Sheet, was filed and served via CM/ECF and served by e-mail to the following individuals:

James M. Kramer, Esq.
Laurence V. Nassif, Esq.
Simmons Hanly Conroy, L.L.C.
112 Madison Avenue
New York, NY 10016-7416
Tel: 212-784-6400
*Counsel for Plaintiff, Robert Klinger*

By:    <u>*s/ Thomas B. McNulty*</u>
        Thomas B. McNulty (ID No. 025612002)
        Email: tmcnulty@mklaw.us.com

# Exhibit A

Laurence V. Nassif, Esq. – 048361998
James M. Kramer, Esq. - 02052008
SIMMONS HANLY CONROY LLC
112 Madison Avenue
New York, NY 10016-7416
(212) 784-6400
**Attorney for Plaintiffs**

| | |
|---|---|
| ROBERT KLINGER and<br>CONSTANCE KLINGER, his wife,<br><br>               Plaintiffs,<br><br>   vs.<br><br><br>H.M. ROYAL, INC.,<br><br><br><br>              Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:  MIDDLESEX COUNTY<br><br>DOCKET NO. _____<br><br>CIVIL ACTION<br>ASBESTOS LITIGATION<br><br>**COMPLAINT, DEMAND FOR<br>TRIALS BY JURY AND<br>DEMAND FOR ANSWERS TO<br>INTERROGATORIES** |

Plaintiff, Robert Klinger, residing at 9924 Old National Pike, Hagerstown, MD, by way of

Complaint against Defendant, and upon information and belief alleges as follows:

### PARTIES – PLAINTIFF

1.    Plaintiff, Robert Klinger was employed as a material handler, inspector and labor

relations worker at Johns Manville in Manville, New Jersey between 1959 to 1974, a labor

relations worker at Carborundum in Maryland and New York between 1974 to 1984 a labor

relations worker at Dorr Oliver in Connecticut between 1984 to 1986, a laborer relations worker

at Carborundum, Maryland between 1986 to 2010. Plaintiff Robert Klinger was exposed to and

came in contact with Defendant' asbestos products and was also exposed to dust from Defendant'

asbestos and asbestos-containing products.

2.    As a direct and proximate result of the above exposures, the aforementioned

inhalation and ingestion of asbestos dust particles and fibers from Defendant' asbestos-containing

products that Defendant manufactured, sold, and supplied, Plaintiff Robert Klinger developed

mesothelioma.

3.    Reference herein to "Plaintiff" is reference to all persons set forth above as is

syntactically and contextually correct.

## PARTIES – DEFENDANT

4.    Defendant, H.M. ROYAL, INC. is a corporation organized under the laws of the

various states of the United States of America or of the Dominion of Canada that were and are

doing business in the State of New Jersey. The aforementioned Defendant mined, milled,

manufactured, sold, supplied, purchased, marketed, installed, and/or removed asbestos, asbestos-

containing, and asbestos-contaminated products to which Plaintiff Robert Klinger was exposed.

5.    The term "Defendant" is used hereafter to refer to all the entities named above.

6.    Defendant and each of them are subject to jurisdiction on one or more of the

following grounds: Defendant and each of them do business and are present in the State of New

Jersey such that they may be deemed "at home" here; Defendant and each of them have consented

to the general jurisdiction of the State of New Jersey by reason of having appointed and maintained

registered agents in this State; Defendant and each of them directly or indirectly sought to serve

markets in this State by placing or causing to be placed significant quantities of asbestos and/or

asbestos-containing materials / products into the stream of commerce such that its regular and

anticipated flow brought the same to the State of New Jersey; Defendant and each of them

otherwise committed act and omissions in or directed to the State of New Jersey that are part of events giving rise to claims herein.

7. Defendant and each of them purposefully availed themselves of the privilege of conducting business in the State of New Jersey and invoked the rights and protections of New Jersey law: by delivering into New Jersey asbestos or asbestos-containing products/materials to which Plaintiff was exposed in New Jersey and/or by placing into the stream of commerce asbestos or asbestos-containing products/materials to which Plaintiff was exposed in New Jersey, with notice, awareness, and/or knowledge that said materials would be sold, distributed, and delivered into New Jersey. Said asbestos or asbestos-containing products/materials were part of a regular and substantial flow of goods into New Jersey through established channels in the stream of commerce and were not isolated, random, or fortuitous sales.

8. Defendant and each of them further purposefully availed themselves of the privilege of conducting business in the State of New Jersey and invoked the rights and protections of New Jersey law, at the time of Plaintiff's exposures, by advertising, soliciting business, and engaging in other activities in or directed to New Jersey with the purpose of serving markets in New Jersey.

## FIRST COUNT - NEGLIGENCE

9. All previous paragraphs of this Complaint are repeated as if fully set forth herein.

10. Defendant, at all material times hereto, acted through their respective officers, employees and agents, who in turn were acting within the scope of their authority and employment in furtherance of the business of Defendant.

11. Defendant were engaged, directly or indirectly, in the mining, milling, producing, processing, compounding, converting, selling, merchandising, supplying, distributing or installing of asbestos containing and/or asbestos-contaminated products and raw asbestos fiber of various

kinds and grades, or products, including equipment, which Defendant knew or should have foreseen would be used with asbestos containing and/or asbestos-contaminated products and/or raw asbestos fiber (hereinafter collectively referred to as "asbestos products").

12. Defendant, directly or indirectly, caused their asbestos products to be sold to or used at Plaintiff Robert Klinger's place(s) of employment and by Plaintiff Robert Klinger during non-occupational projects.

13. Plaintiff Robert Klinger came in contact with and was exposed to Defendant' asbestos products and inhaled or ingested asbestos dust and fibers emanating from said asbestos products.

14. As a direct and proximate result of Plaintiff Robert Klinger inhalation and ingestion of asbestos dust particles and fibers from Defendant' asbestos products, Plaintiff Robert Klinger developed permanent and disabling personal injuries, namely mesothelioma.

15. During the time that Defendant mined, milled, produced, processed, compounded, converted, sold, merchandised, distributed, supplied and installed their asbestos products, Defendant knew, or in the exercise of reasonable care should have known, that their asbestos products were defective, ultra-hazardous, dangerous and otherwise harmful to Plaintiff Robert Klinger.

16. Defendant knew, or in the exercise of reasonable care should have known that Plaintiff Robert Klinger would come into contact with and be exposed to their asbestos products and would inhale or ingest asbestos dust and fibers as a result of the ordinary and foreseeable use of Defendant' asbestos products.

17. Defendant knew, or in the exercise of reasonable care should have known, that the use of their asbestos products would cause asbestos dust and fibers to be released into the air and

would create dangerous and unreasonable risk of injury to the lungs, respiratory systems, larynx, stomach and other bodily organs of users of their products and to others breathing the air and coming into contact with that dust.

18.     Plaintiff Robert Klinger did not know the nature and extent of injury that would result from contact with and exposure to Defendant' asbestos products or from the inhalation or ingestion of the asbestos dust and fibers.

19.     Despite the facts set forth above, Defendant negligently, recklessly, and intentionally:

   a.     mined, milled, produced, processed, compounded, converted, sold, supplied, merchandised, distributed, installed or otherwise placed in the stream of commerce asbestos products which Defendant knew or in the exercise of reasonable care, should have known were defective, dangerous, ultra-hazardous and otherwise unreasonably harmful to Plaintiff Robert Klinger;

   b.     failed to take reasonable precautions or exercise reasonable care to warn Plaintiff, Robert Klinger, adequately of the risks, dangers, and harm to which Plaintiff Robert Klinger would be exposed by his exposure to or contact with the use and handling of Defendant' asbestos products, or by inhalation or ingestion of the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendant' asbestos products;

   c.     failed to provide information or reasonably safe and sufficient safeguards, wearing apparel, proper equipment and appliances necessary to protect Plaintiff Robert Klinger from being injured, poisoned, disabled, killed, or otherwise harmed by working with, using, handling, coming into contact with, and being exposed to Defendant' asbestos products, or by inhalation or ingestion of the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendant' asbestos products;

   d.     failed to package their asbestos products in a manner that would ensure that Plaintiff Robert Klinger would not come into contact with or be exposed to the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendant' asbestos products;

e. failed to advise Plaintiff Robert Klinger of the necessity to adopt and enforce a safe, sufficient and proper method and plan of working with, using, handling, coming into contact with and being exposed to Defendant' asbestos products so that Plaintiff Robert Klinger would not inhale or ingest the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendant' asbestos products;

f. ignored and suppressed medical and scientific information, studies, tests, data and literature which Defendant acquired during the course of their normal business activities concerning the risk of asbestosis, scarred lungs, cancer, mesothelioma, respiratory disorders, and other illnesses and diseases to workers such as Plaintiff Robert Klinger and other persons similarly situated, who were exposed to Defendant' asbestos products;

g. disregarded medical and scientific information, studies, tests, data and literature concerning the causal relationship between the inhalation or ingestion of asbestos dust and fibers, and such diseases as asbestosis, mesothelioma, scarred lungs, cancer, respiratory disorders and other illnesses and diseases;

h. exposed and continued to expose Plaintiff Robert Klinger and other persons similarly situated, to the risk of developing asbestosis, mesothelioma, scarred lungs, cancer and other illnesses, all of which risks Defendant knew, or in the exercise of reasonable care should have known, were consequences of exposure to asbestos dust and fibers;

i. failed to seek substitute materials in lieu of the use of their asbestos;

j. failed to advise Plaintiff Robert Klinger, who Defendant knew, or in the exercise of reasonable care should have known, that Plaintiff Robert Klinger had been exposed to inhalation or ingestion of asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendant' asbestos products: to cease further uncontrolled or unprotected exposure to asbestos products and the inhalation or ingestions of asbestos dust and fibers and all other kinds of smoke, dust, and fumes; to be examined by competent medical doctors to determine the nature and extent of any and all disease caused by inhalation or ingestion of asbestos dust and fibers; and to receive medical care and treatment for such disease; and

k. Defendant otherwise acted negligently, recklessly and with intentional disregard for the welfare of Plaintiff Robert Klinger in the mining, milling, producing, processing, compounding, converting, selling, merchandising, supplying, distributing,

installing, or otherwise placing in the stream of commerce their asbestos products.

20. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendant and each of them, Plaintiff Robert Klinger was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing him to develop the aforesaid asbestos disease. As a direct and proximate result thereof: Plaintiff Robert Klinger has been disabled and disfigured; Plaintiff Robert Klinger has in the past and will in the future be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; Plaintiff Robert Klinger has in the past and will in the future experience great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers.

WHEREFORE, Plaintiff, demands judgment against Defendant, jointly, severally, or in the alternative, for compensatory damages, punitive damages and costs of suit provided by law.

## SECOND COUNT – BREACH OF WARRANTY

21. All previous paragraphs of this Complaint are repeated as if fully set forth herein.

22. Defendant expressly or impliedly warranted that their asbestos products, which they mined, milled, produced, compounded, converted, processed, sold, supplied, merchandised, distributed, installed or otherwise placed in the stream of commerce were merchantable, reasonably fit for use, and safe for their intended purposes.

23. Defendant breached said warranties in that their asbestos products were defective, ultra-hazardous, dangerous, unfit for use, not merchantable, and not safe for their intended, ordinary and foreseeable use and purpose.

24. As a direct and proximate result of Defendant' breach of warranties, Plaintiff Robert Klinger came in contact with and was exposed to Defendant' asbestos products and inhaled

or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendant' asbestos products. Plaintiff Robert Klinger was exposed to and inhaled, ingested or otherwise absorbed asbestos and asbestos fibers causing her to develop the aforesaid asbestos disease, which caused him to sustain damages as outlined above.

WHEREFORE, Plaintiff demands judgment against Defendant jointly, severally, or in the alternative, for compensatory damages, punitive damages and costs of suit provided by law.

### THIRD COUNT – FAILURE TO WARN

25. All previous paragraphs of this Complaint are repeated as if fully set forth herein.

26. Defendant failed to disclose and intentionally and negligently misrepresented to Plaintiff Robert Klinger the health risks created by the ordinary use of Defendant' asbestos products.

27. Plaintiff Robert Klinger relied upon said representations and her reliance was foreseeable to Defendant.

28. As a result of Defendant' conduct, Plaintiff Robert Klinger remained ignorant and uninformed of the hazards of asbestos, failed to take precautions and was thereby exposed to, inhaled, ingested or otherwise absorbed asbestos fibers, causing her to develop the asbestos disease specified herein. As a direct and proximate result of said disease, Plaintiff Robert Klinger has suffered and will continue to suffer the injuries, expenses and losses alleged in prior counts of this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant jointly, severally, or in the alternative, for compensatory damages, punitive damages and costs of suit provided by law.

### FOURTH COUNT – STRICT LIABILITY

29.     Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs as though set forth herein.

30.     Defendant willfully, wantonly, and intentionally conspired, and acted in concert, to withhold information from Plaintiff Robert Klinger, and the general public concerning the known hazards associated with the use of and exposure to asbestos products.

31.     Defendant willfully, wantonly, and intentionally conspired, and acted in concert, to withhold information from Plaintiff Robert Klinger, and the general public relating to the fact that asbestos fiber inhalation could be fatal.

32.     Defendant willfully, wantonly, and intentionally conspired, and acted in concert, to disseminate false product safety information to Plaintiff Robert Klinger and the general public.

33.     Defendant willfully, wantonly, and intentionally conspired, and acted in concert, to prevent the dissemination of information concerning their products' hazards and dangers.

34.     Defendant willfully, wantonly, and intentionally failed to take appropriate action to minimize the risks of asbestos exposure to Plaintiff Robert Klinger and the general public.

35.     As a direct and proximate result of the Defendant' willful, wanton, and intentional acts, Plaintiff Robert Klinger contracted mesothelioma and suffers.

WHEREFORE, Plaintiff demands judgment against Defendant, jointly and severally, for:

a)  Compensatory damages;

b)  Punitive damages;

c)  Pre-judgment and post judgment interest;

d)  Costs;

e)  Attorney fees and litigation expenses; and

f)  Such other relief as the Court may deem just and proper.

## FIFTH COUNT – CONCERT OF ACTION

37.     All previous paragraphs of this Complaint are repeated as if fully set forth herein.

38.     Defendant acted in concert with each other and with other members of the asbestos industry, through express agreement, implicit agreement, imitative behavior and conscious parallel behavior;

    a.     to withhold from users their products, and from persons who Defendant knew or should have known would be exposes their products, information regarding the health risk of breathing or ingesting asbestos dust and fibers.

    b.     to eliminate or prevent development of adequate procedures and test relating to the health hazards of exposure to asbestos fibers and dust.

    c.     to ensure that asbestos products became widely used in industries such as construction, shipbuilding, machine fabrication and similar such industries.

39.     Defendant knew that their activities were violative of common law standards of care and that their withholding of information, failure to develop tests and procedures, and promotion of widespread use of asbestos products would expose persons such as Plaintiff Robert Klinger to unreasonable risk of bodily injury.

40.     Defendant and other members of the asbestos industry assisted each other in: withholding information regarding the dangers of asbestos; failing to develop tests and procedures to ensure that users of asbestos would not be subjected to risk of injury; and promoting widespread use of products which Defendant knew would expose Plaintiff Robert Klinger to unreasonable risk of bodily injury.

41.     As a direct and proximate consequence of the concerted actions of Defendant and other members of the asbestos industry, Plaintiff Robert Klinger was exposed to and came in contact with Defendant' asbestos products and the asbestos products of others and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos

products. Plaintiff was caused to suffer the injuries, expenses and losses alleged in prior counts of this complaint.

WHEREFORE, Plaintiff demands judgment against Defendant, jointly, severally or in the alternative, for compensatory damages, punitive damages and costs of suit provided by law.

### SIXTH COUNT – BREACH OF DUTY OF CARE

42.     All previous paragraphs of this Complaint are repeated as if fully set forth herein.

43.     Defendant constitute all known, non-remote producers, manufactures, suppliers, installers, and distributors of the asbestos products that could have caused, and did cause, Plaintiff's injuries.

44.     Defendant, whether acting individually or in concert with others, violated a duty of care owed to Plaintiff Robert Klinger or otherwise engaged in culpable activity against Plaintiff. The acts and omissions of at least one of the Defendant caused Plaintiff Robert Klinger to sustain the injuries losses and expenses alleged in prior counts of this complaint.

45.     Plaintiff Robert Klinger in no respect can be blamed should they be unable to establish which of the asbestos products caused the injuries complained of herein.

46.     The burden of proof in this matter thus should shift to Defendant to demonstrate that their respective conduct and their respective products could not have caused Plaintiff's injuries, and failing such proof, Defendant should be held jointly, severally or alternatively liable for Plaintiff's injuries.

WHEREFORE, Plaintiff demands judgment against Defendant, jointly, severally or in the alternative, for compensatory damages, punitive damages and costs of suit provided by law.

Dated:  May 16, 2022

Respectfully submitted,

SIMMONS HANLY CONROY LLC

_____

James M. Kramer, Esq. – 025052008
Laurence V. Nassif, Esq. – 048361998
112 Madison Avenue
New York, NY 10016-7416
(212) 784-6400
**Attorneys for Plaintiffs**

## CERTIFICATION OF COMPLIANCE WITH RULE 1:38-7(b)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

SIMMONS HANLY CONROY LLC

_____

James M. Kramer, Esq. – 025052008
Laurence V. Nassif, Esq. – 048361998
112 Madison Avenue
New York, NY 10016-7416
**Attorneys for Plaintiffs**

May 16, 2022

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

SIMMONS HANLY CONROY LLC

James M. Kramer, Esq. – 025052008
Laurence V. Nassif, Esq. – 048361998
112 Madison Avenue
New York, NY 10016-7416
**Attorneys for Plaintiffs**

May 16, 2022

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiff demands Answers to the Standard Interrogatories pursuant to the Court's January 25, 1982 General Order. Said Standard Interrogatory forms may be obtained from the court upon request.

SIMMONS HANLY CONROY LLC

James M. Kramer, Esq. – 025052008
Laurence V. Nassif, Esq. – 048361998
112 Madison Avenue
New York, NY 10016-7416
**Attorneys for Plaintiffs**

May 16, 2022

## DESIGNATION OF TRIAL COUNSEL

James M. Kramer, Esq. is designated as trial counsel in this matter.

Page 13 of 14

SIMMONS HANLY CONROY LLC

James M. Kramer, Esq. – 025052008
Laurence V. Nassif, Esq. – 048361998
112 Madison Avenue
New York, NY 10016-7416
**Attorneys for Plaintiffs**

May 16, 2022

## <u>CERTIFICATION</u>

The undersigned certified that to the best of my knowledge this matter is not the subject of any other legal or arbitration proceeding in the Courts of New Jersey other than a workers compensation matter. The undersigned further certified that to my knowledge no other persons should be party to this matter other than those named in the complaint.

SIMMONS HANLY CONROY LLC

James M. Kramer, Esq. – 025052008
Laurence V. Nassif, Esq. – 048361998
112 Madison Avenue
New York, NY 10016-7416
(212) 784-6400
**Attorneys for Plaintiffs**

May 16, 2022

Page 14 of 14

| | |
|---|---|
| FIRM NAME **Simmons Hanly Conroy LLC**<br>ADDRESS     **112 Madison Avenue**<br>              **New York, NY 10016-7416**<br>TELE. NO.    **(212) 784-6400**<br>ATTORNEYS FOR **Plaintiff** | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br>DOCKET NO. _____ |
| ROBERT KLINGER and CONSTANCE<br>KLINGER, his wife,<br><br>                           Plaintiffs,<br><br>v.<br><br>H.M. ROYAL, INC.<br><br>                           Defendants. | Civil Action<br>PLAINTIFFS' INITIAL FACT SHEET |

1.    Full Name: Robert Klinger

2.    Date of Birth: 10/10/1941

3.    Address:  9924 Old National Pike, Hagerstown, MD 21740

4.    Union/Local/Years of Membership: Johns Manville Union, Local 800, 1959-1974

5.    Date of first claimed asbestos exposure: 1959

6.    Date of last claimed asbestos exposure: 1984

7.    Smoking History: Yes

8.    State the inclusive dates of smoking history, the products smoked and the amount of

       product consumed per day:

         a.  Dates: Early 1970s

         b.  Products smoked: Cigars

         c.  Amount per day: 1 to 2 cigars per week

9.     Provide as much of the following information as is presently available: work sites,

inclusive dates, and trade or occupation for each site.

| WORK SITES | DATES | TRADE/OCCUPATION |
|---|---|---|
| Johns Manville, NJ | 1959-1974 | Material handler, inspector, labor relations worker |
| Carborundum, MD and NY | 1974-1984 | Labor relations worker |
| Dorr Oliver, CT | 1984-1986 | Labor relations worker |
| Carborundum, MD | 1986-2010 | Labor relations worker |

10.    State the claimed asbestos related diseases; including the date of diagnosis and the name

of the diagnosing physician or institution (if available attach a copy of the medical

report).

   a.   Disease:  Mesothelioma

   b.   Date of diagnosis:  February 22, 2022

   c.   Doctor/ Institution:     Johns Hopkins Hospital, 1800 Orleans St.,
                                 Baltimore, MD 21287

Dated: May 16, 2022

SIMMONS HANLY CONROY LLC
Attorneys for Plaintiffs

James M. Kramer, Esq. – 025052008
Laurence V. Nassif, Esq. – 048361998
112 Madison Avenue
New York, NY 10016-7416
(212) 784-6400
**Attorneys for Plaintiffs**

# Civil Case Information Statement

**Case Details: MIDDLESEX | Civil Part Docket# L-002341-22**

**Case Caption:** KLINGER ROBERT VS H.M. ROYAL, INC.

**Case Initiation Date:** 05/16/2022

**Attorney Name:** JAMES MICHAEL KRAMER

**Firm Name:** SIMMONS HANLY CONROY, LLP

**Address:** 112 MADISON AVE

NEW YORK NY 100167416

**Phone:** 2127846400

**Name of Party:** PLAINTIFF : Klinger, Robert

**Name of Defendant's Primary Insurance Company**

**(if known):** None

**Case Type:** ASBESTOS

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Robert Klinger?** NO

**Are sexual abuse claims alleged by: Constance Klinger?** NO

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/16/2022
Dated

/s/ JAMES MICHAEL KRAMER
Signed