**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |
|---|
| ROBERT KLINGER, *et al.*, |
| Plaintiffs, |
| v. |
| H.M. ROYAL, INC., |
| Defendant. |

Civil Action No. 22-03236 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Robert and Constance Klinger's (collectively, the "Klingers") Motion to Remand this matter to the New Jersey Superior Court. (ECF No. 5.) H.M. Royal, Inc. ("H.M. Royal") opposed (ECF No. 6), and the Klingers replied (ECF No. 7). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants the Klingers' motion.

### I.   BACKGROUND

The Klingers originally initiated this asbestos-related personal injury action in New Jersey Superior Court, Middlesex Vicinage (the "State Court Proceeding"), asserting state law claims of negligence, breach of warranty, failure to warn, strict liability, concert of action, and breach of duty of care.[1] (*See generally* Compl., ECF No. 1.) The same day, the Klingers personally served H.M. Royal with process through its registered agent, Corporation Service Company, at its designated address in Tennessee and filed an Affidavit of Service with the state court. (Pls.' Moving Br. ¶ 3, Ex. C, ECF Nos. 5-1, 5-7.)

---

[1] *See Klinger v. H.M. Royal*, No. MID-L-2341 (N.J. Super. Ct. Law Div. May 16, 2022).

On May 25, 2022, H.M. Royal filed an answer, a designation of trial counsel, multiple discovery requests, and a stipulation of dismissal of the punitive claims in the State Court Proceeding. (*Id.* Exs. D, E, ECF Nos. 5-8, 5-9.) Two days later, H.M. Royal removed the case to federal court based on diversity jurisdiction (*see* Notice of Removal, ECF No. 1), and the Klingers responded with the instant Motion to Remand (*see* Pls.' Moving Br.).

## II.   LEGAL STANDARD

A defendant may remove a state court civil action to federal court if the federal court had original jurisdiction over the case. 28 U.S.C. § 1441(a). Removal based on diversity jurisdiction is permissible "where the amount in controversy exceeds $75,000 and the action is between citizens of different states." *Hayden Asset VI, LLC v. Silvio Desouza, LLC*, No. 13-3915, 2014 WL 1056498, at *2 (D.N.J. Feb. 24, 2014) (citing 28 U.S.C. § 1332(a)(1)). To remove an action based on diversity jurisdiction, no defendant may be a citizen of the state in which the action was brought (the "Forum Defendant Rule"). *Id.*; 28 U.S.C. § 1441(b)(2). On a motion to remand, the removing party carries the burden of demonstrating a proper basis for removal. *See Carroll v. United Air Lines*, 7 F. Supp. 2d 516, 519 (D.N.J. 1998). Removal statutes are strictly construed, and remand is favored when doubt exists as to the propriety of removal. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).

## III.   **DISCUSSION**

H.M. Royal removed this action to federal court based on diversity jurisdiction.[2] (*See* Notice of Removal.) The Klingers assert that the Forum Defendant Rule bars removal, and the Court agrees. Remand is, therefore, appropriate.

As an initial matter, the Forum Defendant Rule bars removal only where the defendant has been properly joined or served. 28 U.S.C. § 1441(b)(2) (A civil action "may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State . . . .") (emphasis added); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) ("[The forum defendant rule's] plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served."). H.M. Royal contends that it was not properly served because the Klingers served the complaint on H.M. Royal's agent in Tennessee, and New Jersey Court Rule 4:4-4(a) requires service in New Jersey. (Def.'s Opp'n Br. 2-3, ECF No. 6; N.J. Ct. R. 4:4-4(a).) H.M. Royal, therefore, argues that the Forum Defendant Rule is inapplicable, and removal was appropriate. (Def.'s Opp'n Br. ¶¶ 6-8.)

The Court must start its analysis by determining whether H.M. Royal was properly served. In doing so, the Court reluctantly reminds the parties of the applicable rules related to service of process—separate and apart from the rules related to personal jurisdiction.[3] New Jersey Court Rule

---

[2] The Klingers devote significant ink to the argument that H.M. Royal's original basis for removal—and, therefore, the only permissible basis—is that H.M. Royal was not properly served in the State Court Proceeding. (*See* Pls.' Moving Br. ¶¶ 10-16.) Not so. Stated plainly in the Notice of Removal, H.M. Royal asserts: "Removal of the State Court Action is based on this Court's *diversity jurisdiction* under 28 U.S.C. §§ 1332 and 1441 . . . ." (Notice of Removal 1 (emphasis added).) The Klingers eventually conceded as much in their briefing. (Pls.' Moving Br. 3 (H.M. Royal "removed this case . . . solely on the basis of diversity of jurisdiction.").) The Klingers' attempt to argue otherwise borders on frivolous.

[3] As the Klingers initiated this action in state court, the Court references the relevant New Jersey Court Rules.

3

4:4-3 governs service of process. N.J. Ct. R. 4:4-3 (describing the permissible methods of service); *see Passaic v. Shennett*, 915 A.2d 1092, 1097 (N.J. 2007) ("Personal service is the primary method of service in New Jersey. *R.* 4:4-3 . . . ."); *see also U.S. Bank Nat'l Ass'n v. Curcio*, 130 A.3d 1269, 1276 (N.J. Super. Ct. App. Div. 2016) (noting that a private process server seeking to serve defendant with the complaint and summons would satisfy Rule 4:4-3 service requirements).  New Jersey Court Rule 4:4-4, in contrast, details how a party may obtain *in personam* jurisdiction over a defendant. N.J. Ct. R. 4:4-4 ("The primary method of obtaining *in personam* jurisdiction over a defendant in this State is by causing the summons and complaint to be personally served within this State pursuant to R. 4:4-3 . . . .") (listing methods of obtaining *in personam* jurisdiction over a defendant). The requirements of Rule 4:4-4(a) are only pertinent if a plaintiff is seeking to obtain personal jurisdiction over the defendant. *See generally id.*  But these requirements are not related to service generally.

With the proper procedural framework established, the Court finds H.M. Royal's reliance on the "in this State" requirement of Rule 4:4-4 misplaced. (Def.'s Opp'n Br. ¶ 6.) *First*, the Klingers merely need to show that H.M. Royal was properly served to implicate the Forum Defendant Rule; the Klingers need not show that the state court has personal jurisdiction over H.M. Royal. *Second*, there seems to be no need for the Klingers to establish *in personam* jurisdiction over H.M. Royal via method of service: H.M. Royal is a New Jersey corporation and will be subject to personal jurisdiction in New Jersey anyway. (*Id.* ¶ 5; *FDASmart, Inc. v. Dishman Pharm. and Chems. Ltd.*, 152 A.3d 948, 952 (N.J. 2016) ("Typically, a corporation's principal place of business and place of incorporation establishes where the corporation is at home and subject to general jurisdiction.") (internal quotations omitted).) This is further bolstered by the fact that H.M. Royal argues that the Forum Defendant Rule should not apply due to improper service; it does not

argue that it should not apply because it is not, in fact, a forum defendant. (*See generally* Def.'s Opp'n Br.)

Under a proper reading of the rules, the Court quickly disposes of this matter. The Forum Defendant Rule precludes a defendant from removing a case to federal court if that defendant is a citizen of the forum state and has been properly served. 28 U.S.C. § 1441(b)(2). Here, H.M. Royal is a citizen of New Jersey by incorporation and was properly served via personal service on its agent in Tennessee. (Pls.' Moving Br. Ex. C.) The Forum Defendant Rule, therefore, precludes removal.

## IV.   CONCLUSION

The Court grants the Klingers' Motion to Remand. It will issue an order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE